J-S14040-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | Appellee | |
| | v. | |
| CARL A. NYBECK, | | |
| | Appellant | No. 978 MDA 2015 |

Appeal from the PCRA Order May 18, 2015
In the Court of Common Pleas of Tioga County
Criminal Division at No(s): CP-59-CR-0000023-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:             **FILED FEBRUARY 16, 2016**

Carl Nybeck ("Appellant") appeals from an order denying him collateral relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 ("PCRA").  At issue before the PCRA court was whether plea counsel offered incompetent advice causing Appellant to plead guilty to one count of possession with the intent to deliver methamphetamine ("PWID"),[1] for which he received a statutory maximum sentence of five to ten years' imprisonment.  Crediting plea counsel's testimony that she neither gave assurances downplaying the prospects of a maximum sentence nor suggested the sentencing court could deny a pre-sentence request to withdraw a plea, the PCRA court determined plea counsel did not deter Appellant from withdrawing his guilty plea.  We affirm.

_____

[1] 35 P.S. § 780-113(a)(30).

_____

*Former Justice specially assigned to the Superior Court.

On February 1, 2013, authorities charged Appellant with PWID and six other drug-related offenses stemming from the discovery of a methamphetamine laboratory located inside his residence. He subsequently entered into a written plea agreement by which he would plead guilty to one count of PWID in exchange for the dismissal of the remaining six charges against him. According to Appellant's PCRA petition, he briefly met with plea counsel prior to sentencing and expressed his fear of receiving a statutory maximum sentence given his past criminal history, the nature of his offense, and his subsequent arrest on bench warrant for failing to appear. She reassured him that the court seldom imposed maximum sentences and, in any event, held the option at that point to deny his request to withdraw, he averred. Only because of this advice, Appellant maintained, did he forego a motion to withdraw his plea. The sentencing court subsequently imposed a statutory maximum sentence, from which Appellant took no direct appeal.

After reviewing Appellant's timely PCRA petition, the PCRA court conducted a hearing. Appellant testified consistently with the averments contained in his petition to the extent he claimed that counsel's alleged advice caused him to forego seeking withdrawal of his plea. *See* N.T. PCRA Hearing, 4/6/15, at 13-17. Somewhat contradictorily, however, Appellant ultimately attributed his failure to ask for a withdrawal at sentencing on his resignation that "[he] was, you know, pretty much going to receive the max no matter what happened." N.T. at 17.

Plea counsel denied making sentencing predictions or addressing in any way the court's powers to deny a pre-sentence request to withdraw a plea. For that matter, she denied knowing Appellant was even entertaining the notion of withdrawing his plea, and she insisted she would have felt no compunction about relating Appellant's request to the court had he made his concerns known and asked her to do so. N.T. at 7-8, 11-12. It was plea counsel's experience as the Tioga County Public Defender, she said, that the judge presiding in this matter has "always been good about [granting plea withdrawals]. There's no problem with that[.] I've withdrawn before up to the last minute and it's no problem with the judge, he's very liberal about that and he always agrees to it so I've had no problems with that." *Id.* She testified that her pre-sentencing hearing discussion with Appellant instead focused solely on the PSI report with its description of applicable guideline ranges and on the five to ten year statutory maximum sentence he faced. N.T. at 8, 10-11.

Crediting plea counsel's testimony, the PCRA court determined that Appellant knowingly, voluntarily, and intelligently elected to plead guilty and receive sentence. As gleaned from the PCRA court's Pa.R.A.P. 1925(a) opinion, two areas of testimony apparently proved pivotal to its underlying credibility determination in favor of counsel. First, Appellant had clearly acknowledged the potential sentence he faced in both his written guilty plea agreement and again during his oral guilty plea colloquy in open court, a fact which caused the PCRA court to doubt that he subsequently formed a new

fear of his potential sentence and asked counsel to withdraw his plea. Second, the court saw an inconsistency within Appellant's testimony that he pressed counsel about withdrawing his plea but failed to speak out in furtherance of this desire minutes later when the court asked if he had anything to say prior to sentencing. Driving Appellant's decision to remain silent at this moment, the PCRA court opined, was not any purported advice from counsel, but instead his own subjective resignation to the inevitability of a maximum sentence no matter what happened in his case. PCRA Court Opinion, filed September 18, 2015, at 5. This timely appeal followed.

Appellant presents the following question for our review:

**SHOULD A DEFENDANT BE PERMITTED TO WITHDRAW HIS GUILTY PLEA WHEN PLEA COUNSEL ASSURED HIM HE WILL NOT RECEIVE THE MAXIMUM SENTENCE AND STATES THE JUDGE WOULD NOT HAVE TO ALLOW HIM TO WITHDRAW HIS GUILTY PLEA EVEN IF HE REQUESTED TO DO SO?**

Appellant's brief at 2.

Our well-settled standard of review of a denial of post-conviction relief is as follows:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. *Commonwealth v. Koehler*, [614] Pa. [159], –––––, 36 A.3d 121, 131 (2012) (citation omitted). Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. *Id.* The PCRA court's credibility determinations, when supported by the record, are binding on this Court. *Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244, 259 (2011) (citation omitted). However, this Court applies

- 4 -

a *de novo* standard of review to the PCRA court's legal conclusions. ***Id.***

***Commonwealth v. Johnson***, 51 A.3d 237, 242-43 (Pa.Super. 2012) (quotation marks omitted).

In advancing his present appeal, Appellant essentially asks this Court to reconsider the evidence in a light most favorable to him and deem his testimony credible. The PCRA court, however, ultimately credited counsel's testimony over that of Appellant, and it explained why it did so. Our review of the record, which includes counsel's account regarding her history of readily seeking and acquiring pre-sentence withdrawals upon defendants' requests, finds ample support for the PCRA court's determination that she convincingly rebutted Appellant's testimony. The court's credibility determinations are, thus, binding upon us. ***Id.*** Accordingly, because Appellant's appeal depends entirely upon an untenable argument, it provides no basis upon which to reverse the order denying PCRA relief.

Order is AFFIRMED.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/16/2016

- 5 -